**Case No. 26-3108**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ANDREW LEE EUGENE KNOX,
*Plaintiff-Appellant*

v.

HARDIN COUNTY MUNICIPAL COURT, *et al.*
*Defendants-Appellees*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

Case No. 3:25-cv-1174, James R. Knepp, II, District Judge

---

**BRIEF OF DEFENDANTS/APPELLEES
HARDIN COUNTY MUNICIPAL COURT AND
CLERK EMILY KISSLING**

---

Andrew Lee Eugene Knox
P.O. Box 344
Russells Point,  OH 43348


*Plaintiff/Appellant*

Teresa L. Grigsby (0030401)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599
tgrigsby@snlaw.com
jmchugh@snlaw.com

*Attorneys for Defendants-Appellees
Hardin County Municipal Court and
Clerk Emily Kissling*

## CORPORATE DISCLOSURE STATEMENT

Neither Defendant Hardin Municipal Court nor Defendant Clerk Emily Kissling is a subsidiary or affiliate of a publicly owned corporation.  There is no publicly owned corporation, not a party to this appeal, which has a financial interest in the outcome.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES.................................................................................iv

STATEMENT AS TO ORAL ARGUMENT ........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................1

STATEMENT OF THE CASE ..............................................................................2

    A.    Factual Background ................................................................................2

        1.    Plaintiff contacts the Hardin Municipal Court demanding an interpreter..................................................................................2

        2.    Plaintiff immediately makes a complaint to Ohio officials ........5

        3.    The May 27, 2025 Hearing.........................................................5

        4.    The June 2, 2025 Hearing...........................................................7

        5.    Post-Hearing Events ...................................................................7

    B.    Procedural History of this Case ............................................................9

SUMMARY OF THE ARGUMENT ....................................................................10

ARGUMENT.......................................................................................................11

    A.    Plaintiff's Brief is marred by inaccurate citations .............................11

    B.    The District Court's Judgment Should be affirmed because the Court Defendants are not *sui juris* .......................................................13

    C.    The District Court's Judgment should be affirmed because Plaintiff has failed to state a plausible claim for relief......................................18

1.    The District Court did not improperly resolve disputed fact questions ..............................................................18

2.    The "primary consideration" regulation did not mandate an ASL Interpreter on May 27, 2025.......................................23

    a.    The facts alleged do not show exclusion or discrimination in the Court's services ...........................24

    b.    The facts alleged do no show a failure of effective communication ...............................................27

3.    The District Court properly found the absence of a concrete injury ......................................................................25

CONCLUSION ....................................................................................29

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ......................................31

CERTIFICATE OF SERVICE................................................................32

DESIGNATION OF DISTRICT COURT RECORD ..............................................33

APPENDIX OF PROBLEMATIC CITATIONS ...................................................35

iii

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015) ..................................20

*Anonymous v. N.Y.C. Dep't of Educ.,* No. 1:24-cv-04232, 2024 WL 3460049 (S.D.N.Y. July 18, 2024) ......................................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................21

*Bahl v. Cty. of Ramsey*, 695 F.3d 778 (8th Cir. 2012) ..........................25, 26, 27, 36

*Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426 (6th Cir. 2008) ......................22

*Brooks v. George County*, 84 F.3d 157 (5th Cir. 1996) ..........................................15

*Center v. City of West Carrollton*, 227 F. Supp. 2d 863 (S.D. Ohio 2002) .............19

*Cox v. Little Clinic of Tenn., LLC*, 858 F. App'x 176 (6th Cir. 2021) .....................16

*Courthouse News Serv. v. Foley*, No. 3:23-cv-00329, 2024 U.S. Dist. LEXIS 14232, (S.D. Ohio Jan. 26, 2024) ...............................................................15, 16

*Elkins v. Summit Cty.*, 2008 U.S. Dist. LEXIS 17056, 2008 WL 622038 (N.D. Ohio Mar. 5, 2008) .....................................................................................15

*Fabian v. Tillotson*, No. 3:21-cv-265, 2022 U.S. Dist. LEXIS 147831 (S.D. Ohio Aug. 17, 2022) .......................................................................................14

*Finley v. Huss,* 104 F. 4th 789 (6th Cir. 2024) ......................................................27

*Golden v. Comm'r*, 548 F.3d 487 (6th Cir. 2008) ..................................................17

*Hall v. Board*, No. 24-3797, 2025 U.S. App. LEXIS 9210 (6th Cir. Apr. 17, 2025) ........................................................................................13

*Hardrick v. City of Detroit*, 876 F.3d 238 (6th Cir. 2017) ......................................16

iv

*Harsh v. City of Franklin*, No. C-1-07-874, 2009 U.S. Dist. LEXIS 25209
(S.D. Ohio Mar. 26, 2009)....................................................................................14

*Hill v. Bradley Cty. Bd. of Educ.*, 295 F. App'x 740 (6th Cir. 2008).....29, 11, 35, 36

*Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254 (6th Cir. 2018) ........................17

*Johnson v. Cuyahoga Cnty. Juvenile Court Clerk's Office*, No. 1:21-cv-02109,
2023 U.S. Dist. LEXIS 17921, 2023 WL 1469465, (N.D. Ohio Feb. 2, 2023) ......15

*Jones v. City of Monroe,* 341 F.3d 474 (6th Cir. 2003)....................................20, 24

*Kentucky v. Graham*, 473 U.S. 159 (1985) ....................................11, 14, 35, 36, 37

*Lafleur v. Yardi Sys., Inc.*, 765 F. Supp. 3d 640 (N.D. Ohio 2025) ........................20

*Lothamer Tax Resol., Inc. v. Kimmel,* No. 1:25-cv-579, 2025 U.S. Dist. LEXIS
168689 (W.D. Mich. Aug. 29, 2025).....................................................................12

*Malone v. Court of Common Pleas of Cuyahoga Cty.,*
45 Ohio St. 2d 245, (1976) ...................................................................................13

*Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 U.S. Dist.
LEXIS 190181, 2023 WL 6976510, (D.N.M. Oct. 23, 2023)................................12

*Rolle v. Litkovitz*, No. 21-4034, 2022 U.S. App. LEXIS 12925
(6th Cir. May 12, 2022) ........................................................................................17

*Sampson v. City of Xenia*, 108 F. Supp. 2d 821 (S.D. Ohio 1999)..........................15

*Saum v. Savage*, No. 2:13-CV-00872, 2014 U.S. Dist. LEXIS 91636
(S.D. Ohio July 7, 2014).......................................................................................15

*Shaffer v. City of Columbus*, 444 F. Supp. 3d 872 (S.D. Ohio 2020)..........27, 28, 35

*State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 170 Ohio St. 3d 354,
2022-Ohio-4189....................................................................................................15

*State ex rel. Cleveland Mun. Court v. Cleveland City Council,*
34 Ohio St. 2d 120 (1973) ....................................................................................13

*State ex rel. Glass v. Chapman*, 67 Ohio St. 1 (1902)................................................14

*State ex rel. McKean v. Graves*, 91 Ohio St. 23 (1914) ...........................................14

*Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780 (6th Cir. 2016) ................................................................................................17

*Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455 (6th Cir. 2021) ....................16

*Todd v. United States*, 158 U.S. 278 (1895) .............................................................13

*Trivette v. Tenn. Dep't of Corr.*, No. 3:20-cv-00276, 2021 U.S. Dist. LEXIS 264238 (M.D. Tenn. May 5, 2021) ..............................................................27

*Tucker v. Tennessee*, 539 F.3d 526 (6th Cir. 2008)......................................20, 21, 28

*Updike v. Multnomah Cty.,* 870 F.3d 939 (9th Cir. 2017)......................11, 22, 23, 26

*Ward v. City of Norwalk*, No. 3:13CV2210, 2014 U.S. Dist. LEXIS 177402 (N.D. Ohio July 3, 2014) ...............................................................................14

*Whiting v. City of Athens,* 140 F. 4th 455 (6th Cir. 2026.) .......................................12

*Wolek v. N. Ohio Surgery Ctr.,* LLC, No. 1:25-cv-00248-PAB, 2025 U.S. Dist. LEXIS 232331 (N.D. Ohio Nov. 26, 2025)..........................................................19

## STATUTES AND RULES

Fed. Civ. R. 12(b)(6) .............................................................................................1, 2

Ohio R.C. § 2311.14 ...................................................................................................8

Ohio R.C. Chapter 4112 ..............................................................................................5

## STATEMENT AS TO ORAL ARGUMENT

Defendants Hardin Municipal Court and Clerk Emily Kissling (sued in her official capacity) (the "Court Defendants") do not believe that oral argument is necessary.  Nevertheless, should the Court find that oral argument would be useful to resolve the issues on appeal, they would like to participate.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Plaintiff/Appellant Andrew Knox has identified five issues for review, all which can be subsumed within an analysis of whether the District Court properly dismissed Plaintiff's First Amended Complaint under Fed. Civ. R. 12(b)(6) on the ground that it failed to state a plausible claim for relief.

This Court can, however, affirm the dismissal of the claims asserted against Defendants Hardin Municipal Court and Clerk Emily Kissling (sued in her official capacity) (the "Court Defendants") on another ground – namely, that they are not *sui juris*, i.e. entities capable of being sued.  The District Court found in a footnoted reference that the *sui juris* argument is a "valid" defense but did not elaborate on it in the Memorandum Opinion.[1]  Thus, in addition to Plaintiff's issues, the Court Defendants ask the Court to review and affirm dismissal of the claims against them on this basis.

---

[1] Rec. Doc. #33, Page ID #327, fn. 5.

1

## STATEMENT OF THE CASE

### A.   Factual Background

Because this case was resolved on Defendants' Fed. Civ. R. 12(b)(6) motions, the following facts, taken from the allegations of the First Amended Complaints, the documents submitted by Plaintiff as exhibits, and the public record are assumed true.[2]

### 1.   Plaintiff contacts the Hardin Municipal Court demanding an interpreter.

On May 17, 2025, Plaintiff, a deaf individual, was issued a minor traffic citation for improper window tint.[3]  He chose not to waive the right to appear and pay the fine.  The hearing was set for May 27, 2025.[4]

On May 19, 2025, Plaintiff placed a phone call using a Video Relay Service to the Hardin Municipal Court staff.  A transcript of the call[5] indicates that Plaintiff initially told Court personnel that he was confused about whether he had a warning or a fine.  The deputy clerk responded that she would have to see the ticket, that it was not yet in the Court's system, and until it was, she could not answer questions.

_____

[2] Rec. Doc. #9-12 is written transcript of phone calls between Plaintiff and Court personnel.  Although the Court Defendants assume its accuracy for purposes of this Brief, given other problems in Plaintiff's citations described further below, they reserve the right to challenge the accuracy of the transcript, in any later proceedings.

[3] Rec. Doc. #9-12, Page ID #91.

[4] Rec. Doc. #15, Page ID #118

[5] Rec. Doc. 9-12, Page ID #91

2

The deputy clerk encouraged Plaintiff to call back "to see if we've gotten that ticket."[6]   Plaintiff then made complaints about the officer who issued the citation, stating that he was deaf, that he did not feel as if he had good communication with the officer, and asserting that the officer "forced" his friends to read lips "which is not okay."[7]  The deputy clerk said that she had nothing to do with that and suggested Plaintiff call the agency who issued the tickets and speak to them but, meanwhile, she could not do anything until she had the ticket.  Plaintiff then said he "wanted a record" that the officer would not talk to him.

Talk then shifted to the issue of an interpreter.  The deputy clerk suggested Plaintiff bring an interpreter, but Plaintiff said that the court would need to request the interpreter.  The deputy clerk then said it would be necessary to wait until the Court got the ticket, and: "What would happen in that situation is you would come to court, we would realize that we would need to issue an interpreter, and then you would be scheduled for a court date."[8]  Plaintiff then said: "Wow.  That doesn't seem acceptable.  That seems wrong."[9]  He claimed to have had other court experiences where he just called the court and they [the court] made a request for an interpreter.  They deputy clerk again explained that she did not have a record of

---

[6] Id.
[7] Rec. Doc. #9-12, Page ID #92.
[8] Rec. Doc. #9-12, Page ID #92.
[9] Rec. Doc. #9-12, Page ID #92.

3

him, or of any reason why got pulled over, or even if he got pulled over.  Plaintiff said he would call back in two days.[10]

On May 21, 2026, Plaintiff again called the Court's staff.  He was informed that a court hearing was scheduled, and he would be entitled to speak to the judge on the hearing date.  Then, the matter would be set for another hearing date. Plaintiff insisted: "Let's stop.  Hold on.  Please request an interpreter now and schedule it for that date."[11]  When informed that this was not how the Court worked, Plaintiff said; "No, that's wrong because I am informing you that I am requesting a SN interpreter to be scheduled for May 27."[12]  The deputy clerk reiterated that this was not the process used by the Court, and Plaintiff asserted that this was a violation of the law, that he worked for the government, that he had been in courts, and said "Nope, you are wrong.  Nope."[13]  The deputy clerk responded that Plaintiff could make that request by mail, or bring it to the window, and that the Court did not do email.  She also informed him that the request could be made then, but that did not mean it would be honored.[14]  The Complaint contains no allegations that the deputy clerk relayed these discussions to the Judge.

---

[10] Rec. Doc. #9-12, Page ID #92.
[11] Rec. Doc. #9-12, Page ID #94.
[12] Rec. Doc. #9-12, Page ID #94.
[13] Rec. Doc. #9-12, Page ID #95.
[14] Rec. Doc. #9-12, Page ID #95.

## 2.    Plaintiff immediately makes a Complaint to Ohio officials.

That same day, Plaintiff communicated by email with personnel affiliated with the Ohio Supreme Court, the Ohio Civil Rights Commission, and Disability Rights Ohio (an advocacy group), seeking to submit a "formal complaint" related to denial of ADA accommodations by the Hardin Municipal Court.[15]   He asserted that the foregoing events constituted violations of Title II of the ADA and related regulations, and Ohio R.C. Chapter 4112.  Plaintiff then engaged in an e-mail dialogue with the Manager of the Language Services Section of the Ohio Supreme Court.  During these communications, Plaintiff was informed that, a formal complaint process would be initiated, and that the Judge would be entitled to 30 days to respond to a written complaint.  Plaintiff was encouraged to appear for his scheduled May 27, 2025 hearing on the citation.[16]

## 3.    The May 27, 2025 Hearing.

Plaintiff appeared in the Hardin County Municipal Court before Judge Grimslid.  According to an informal transcript submitted by Plaintiff in this case, Judge Grimslid said on the record:

> It is my understanding that you need an American Sign Language Interpreter.  This is your initial appearance today. We will be contacting our language services persons through the court system, the state of Ohio, to get you a qualified American sign language interpreter. The

---

[15] Rec. Doc. 9-3.

[16] Rec. Doc. #9-3, Page ID #61,63.

5

> reason…that we did not get one for you today is that this is your initial appearance or arraignment.  The offense with which you have been charged is a tinted window, a minor misdemeanor.  It does not require you to appear in court. You could have paid by waivers if you wish to plead, to take care of it prior to the hearing.  That's why [we] don't get an interpreter down beforehand because it might not be necessary and then we spend money on it.
>
> At this point in time, though, you have indicated that you desire to have an interpreter present and not take care of it through online.  So we will go through that process. We are going to set this for a full arraignment, not until next Monday June 2nd at 11:00.  We will also hand you a written notice of that continued date. If you get here a few minutes early at that point in time, hopefully the interpreter is a little early too so that you can speak…. [The] court will note for the record. . . at this time. . . we used that phone. . .[app] to communicate and defendant is reading what I just put on the record.[17]

Plaintiff's Complaint affirms the Judge's statement on the record that, Plaintiff, the Judge and court staff communicated with a phone-based app.[18]

The same day, Plaintiff sent a letter[19] to Judge Grimslid and the Hardin County Prosecutor claiming that his rights had been violated, and that he had already filed complaints with the U.S. Department of Justice, the Ohio Civil Rights Commission and the Ohio Supreme Court.  He threatened to file suit in the U.S. District Court.  He demanded a monetary settlement, a formal acknowledgment

---

[17] Rec. Doc. #9-6, Page ID #71-72.
[18] Rec. Doc. #15, Page ID #120.
[19] Rec. Doc. #9-7.

that ADA violations occurred, a commitment that the Court revise its ADA procedures in specified ways, and a confirmation that no retaliatory actions would be taken in the pending traffic case.

### 4.   The June 2, 2025 Hearing.

Judge Grimslid recused himself from further proceedings due to the correspondence he received from Plaintiff on May 27, 2025.[20]  Another judge was appointed by the Ohio Supreme Court to hear Plaintiff's traffic citation.

Plaintiff's traffic case proceeded before the appointed judge on June 2, 2025. An ASL interpreter was present.[21]  Despite previously claiming he had questions about the window tint citation, Plaintiff waived his defense, pled no contest, was found guilty and paid a $45 fine[22] – something he had known for days he could have done online and without appearing in Court at all.

### 5.   Post-Hearing Events.

On May 30, 2025, the Manager of the Ohio Supreme Court Language Services Section sent a letter to Judge Grimslid informing him that Plaintiff had made a complaint.  The letter referenced the ADA, 28 CRF 35.160(b)(1) and Ohio R.C. 2311.14.[23]   It made no findings of any improper or illegal conduct.

---

[20] Rec. Doc. #9-11.
[21] U.S. Sixth Cir. Case No. 26-3108, Page ID #25.
[22] Rec. Doc. #24-3, Page ID #208.
[23] Rec. Doc. #9-4.

This lawsuit was filed on June 5, 2025.  Plaintiff sought $100,000.00 in compensatory damages and other types of relief.[24]  Five days later, Judge Grimslid submitted a written response to the Ohio Supreme Court's correspondence, as requested by the Language Services Section.[25]   Therein, he noted that the traffic citation made no mention that Plaintiff was hearing impaired, that the Judge had not communicated with nor seen Plaintiff until his arraignment, and that the Judge had not been privy to any prior phone calls, nor any communications had with his staff prior to the start of the May 27, 2025 proceedings.  Plaintiff had not indicated to the Judge that he was hearing impaired until he entered the courtroom.[26]  Judge Grimslid explained in his response that requests for special services are made at the arraignment date because, up until that date, a defendant can decide to take care of a citation on-line.   He also explained that, while his Court does not accept e-filings from Defendants or attorneys, it does accept fax requests.  Judge Grimslid asserted that there had been no violation of Ohio R.C. §2311.14 because it was determined at Plaintiff's initial appearance that an ASL interpreter was needed, and the arraignment was continued one week to allow arrangements to be made.[27]

---

[24] Rec. Doc. # 1.
[25] Rec. Doc. #9-11.
[26] Id.
[27] Id.

8

**B.      Procedural History of this Case**

This lawsuit was filed just three days after Plaintiff's hearing on the traffic citation.  Before any of the Defendants substantively responded to the Complaint, Plaintiff voluntarily dismissed a party (the Hardin County Prosecutor)[28], submitted multiple exhibits in support of his Complaint,[29] and then filed a First Amended Complaint.[30]

Defendant Judge Grimslid filed a motion to dismiss on July 25, 2025, attaching additional documents from the public record.[31]  The Court Defendants filed a motion to dismiss on August 1, 2025.[32]   Plaintiff opposed the Motions, and sought leave to file a Second Amended Complaint.[33]  Defendants submitted reply briefs.[34]

On January 12, 2026, the Court issued its Memorandum Opinion and Order[35] finding that Plaintiff's First Amended failed to state a plausible federal claim upon which relief may be granted.

_____

[28] Rec. Doc #5.
[29] Rec. Doc #9.
[30] Rec. Doc #15.
[31] Rec. Doc #24.
[32] Rec. Doc #27.
[33] Rec. Doc #25, 28, 29.
[34] Rec. Doc #30, 32.
[35] Rec. Doc #33.

## SUMMARY OF THE ARGUMENT

The District Court's judgment should be affirmed because the Court Defendants are not parties who may be sued.   The only proper Defendant is Judge Grimslid.  The District Court found this defense to be valid, and Plaintiff has failed to challenge it on appeal.

Even if the case could proceed against the Court Defendants, still the judgment of dismissal should be affirmed.  Plaintiff was provided the services of an ASL interpreter at his arraignment and hearing which took place on June 2, 2025.  Because no substantive legal proceedings involving Plaintiff occurred outside the presence of an ASL interpreter, Plaintiff was not discriminated against nor denied a reasonable accommodation to enable him to meaningfully participate in court proceedings.  The District Court correctly concluded that it is not plausible to conclude that Plaintiff has valid claims stemming from his initial appearance in Court on May 27, 2025.  That is because, by Plaintiff's admissions contained in his Complaint and related exhibits, he was able to effectively communicate with court staff about the continuance of the hearing date through written notes and a phone app.  The law does not require that Plaintiff be allowed to dictate the exact form or communication method which must be used in every situation.  Moreover, Plaintiff was not denied the services of the Court which exists to provide fair hearings of legal disputes.  Plaintiff was provided those services when he appeared at a hearing

10

on his traffic citations during which his preferred method of communications through an ASL interpreter was supplied on June 2, 2025.

## ARGUMENT

### A.    Plaintiff's Brief is marred by inaccurate citations.

Before discussing the lack of merit to Plaintiff's appeal, the Court Defendants must first address a serious problem with Plaintiff's brief.

Plaintiff's brief is littered with assertions about particular legal propositions – propositions are accompanied by legal citations -- but when those citations are reviewed, frequently the cases do not say what Plaintiff claims they say.  In some cases, incorrect citations are given.[36]  A list of some (but likely not all) of these inaccurate citations is included in the Appendix below. [i]   It is not clear if the problems are the result of A-I generated content, ghostwriting, or have some other source.

This Court has recently stressed the importance of accuracy in the presentation of legal citations in appellate briefs.  *Whiting v. City of Athens,* 140 F.

---

[36] Plaintiff miscites the case of *Updike v. Multnomah County,* as 878 F. 3d 847 (9th Cir. 2017) when its actual citation is 870 F. 3d 939.  Plaintiff miscites the case of *Hill v. Bradley County Board of Educ.* as 2008 WL 4129951 when its actual citation is 296 F. Appx. 740 (6th Cir. 2008).  Although counsel does not have access to the Westlaw data base, she has reason to believe the Westlaw citation is inaccurate, and may actually be 2008 WL 4414891. Plaintiff cites *S.S. v. Eastern Kentucky University*,  as 2008 WL 2704820.  The actual citation is 532 F. 3d 445 or 2008 U.S. App. Lexis 22357.  It is unclear to defense counsel if a Westlaw citation exists.

4th 455 (6th Cir. 2026.)  *Whiting* recognizes that in some cases, an appeal may deemed frivolous as argued when it contains citations that distort or mischaracterize legal authority, or invents fake case law.  Plaintiff is not excused from his obligation to accurately cite cases just because he is a *pro se* litigant. *Lothamer Tax Resol., Inc. v. Kimmel,* No. 1:25-cv-579, 2025 U.S. Dist. LEXIS 168689, at *37 (W.D. Mich. Aug. 29, 2025) ("Without question, it is improper and unacceptable for litigants—including pro se litigants—to submit 'non-existent judicial opinions with fake quotes and citations," quoting  *Anonymous v. N.Y.C. Dep't of Educ.*, No. 1:24-cv-04232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (internal quotation marks omitted).  "Such fake citations waste the time and resources of the Court and opposing parties." *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 U.S. Dist. LEXIS 190181, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023).

The inaccurate citations in Plaintiff's appellate brief minimally demand that it be cautiously reviewed, and every legal principle Plaintiff asserts be examined carefully and in context.  The Court Defendants leave it to this Court to determine if the misstatements and mischaracterizations of cases in Plaintiff's brief rise to the level to constitute a frivolous appeal "as argued."

12

**B.     The District Court's Judgment Should be affirmed because the Court Defendants are not *sui juris.***

Plaintiff has sued Judge Grimslid, but he has also sued the Hardin County Municipal Court and Clerk Emily Kissling in her official capacity.  These claims are redundant of the claims asserted against Judge Grimslid.  And, as the District Court referenced in footnote 5 of its Memorandum Opinion, the defense that they are not proper parties to this case applies, and thus all claims against them are invalid from the start.  On appeal, this Court need not reach the merits of Plaintiff's arguments, at least as to these two Defendants, because they cannot be sued for the claims purportedly asserted against them.

Under Ohio law, the Hardin County Municipal Court is not a suable entity; i.e., it is not *sui juris*. According to the Ohio Supreme Court: "A court is defined to be a place in which justice is judicially administered.  It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law. . . . Absent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Court v. Cleveland City Council,* 34 Ohio St. 2d 120, 121 (1973), citing *Todd v. United States*, 158 U.S. 278, 284 (1895).  See also, *Malone v. Court of Common Pleas of Cuyahoga Cty.,* 45 Ohio St. 2d 245, (1976).

Accordingly, federal courts in Ohio routinely find that Ohio's municipal courts are incapable of being sued.  E.g. *Hall v. Board*, No. 24-3797, 2025 U.S.

13

App. LEXIS 9210, at *6 (6th Cir. Apr. 17, 2025) ("Because Hall failed to cite any statute allowing him to sue the Barberton Municipal Court, the district court properly dismissed Hall's claims against that court…"); *Fabian v. Tillotson*, No. 3:21-cv-265, 2022 U.S. Dist. LEXIS 147831, at *6 (S.D. Ohio Aug. 17, 2022) (finding the Kettering Municipal Court is not *sui juris*); *Ward v. City of Norwalk*, No. 3:13CV2210, 2014 U.S. Dist. LEXIS 177402, at *2 (N.D. Ohio July 3, 2014) ("Municipal courts in Ohio are not *sui juris*."); *Harsh v. City of Franklin*, No. C-1-07-874, 2009 U.S. Dist. LEXIS 25209, at *12 (S.D. Ohio Mar. 26, 2009) (finding it futile to amend a complaint to sue the City of Franklin Municipal Court as it is not *sui juris*).

The Clerk of Court for the Hardin County Municipal Court, Emily Kissling has been sued in her official capacity.   An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   As such, this is a claim against the office of the Clerk of Courts.

The Ohio Supreme Court has "long recognized that a clerk of courts 'is only an arm of the court,' *State ex rel. McKean v. Graves*, 91 Ohio St. 23, 24, 109 N.E. 528 (1914), and that a clerk's duties are 'ministerial,' *State ex rel. Glass v. Chapman*, 67 Ohio St. 1, 6, 65 N.E. 154 (1902)…" *State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 170 Ohio St. 3d 354, 361, 2022-Ohio-4189, ¶ 25.

14

When the practices or polices of a court are challenged, it is the judge, not the clerk of courts to whom those practices are attributed. *Saum v. Savage*, No. 2:13-CV-00872, 2014 U.S. Dist. LEXIS 91636, at *14 (S.D. Ohio July 7, 2014), citing *Sampson v. City of Xenia*, 108 F. Supp. 2d 821, 832 (S.D. Ohio 1999) (finding the Municipal Court judge, not the court clerk, as the ultimate authority for the supervision of the court under his jurisdiction) and *Brooks v. George County*, 84 F.3d 157, 168 (5th Cir. 1996) (concluding that "the judge is the ultimate authority for the supervision of the court and therefore a court clerk cannot be liable for failing to establish particular policies.)

"Administrative units of a local government . . . are not *sui juris* because they lack the power to sue and cannot be sued absent positive statutory authority." *Elkins v. Summit Cty.*, 2008 U.S. Dist. LEXIS 17056, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008). When an office or department such as, in this case, a clerk of court's office is a party to a suit and there is no statutory authority for it to be sued, the entity is not *sui juris*. Therefore, in both the Northern and Southern Districts of Ohio, federal courts have recognized that a Clerk of Court's office is not *sui juris* because it is an administrative unit of the court. *Johnson v. Cuyahoga Cnty. Juvenile Court Clerk's Office*, No. 1:21-cv-02109, 2023 U.S. Dist. LEXIS 17921, at *18, 2023 WL 1469465, at *6 (N.D. Ohio Feb. 2, 2023); *Courthouse News Serv. v. Foley*, No. 3:23-cv-00329, 2024 U.S. Dist. LEXIS 14232, at *6 (S.D.

15

Ohio Jan. 26, 2024) ('If Plaintiff had only named the *office* of the Clerk of Courts for MCCCP, then Defendant would not be *sui juris*…." *Courthouse News Serv. v. Foley*, No. 3:23-cv-00329, 2024 U.S. Dist. LEXIS 14232, at *7 (S.D. Ohio Jan. 26, 2024).

Plaintiff has framed his Complaint against the Clerk as asserting only official capacity claims which are tantamount to claims against the office of the Clerk of Court.  Because it is an administrative arm of the Hardin County Municipal Court, it is not a suable entity and the claims against the Clerk must be dismissed.  The Hardin County Municipal Court, too, is not a suable entity. Therefore, whatever claims Plaintiff has in this case may be asserted only against Judge Grimslid in his official capacity.

The District Court identified lack of *sui juris* status as an alternative ground for its decision to dismiss the First Amended Complaint.   When alternative grounds for a decision are presented by the District Court, the losing party must "challenge each ground on appeal to change the outcome." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 456 (6th Cir. 2021); *Cox v. Little Clinic of Tenn., LLC*, 858 F. App'x 176, 180-81 (6th Cir. 2021).  The rationale for this rule is that the appellate court reviews judgments not opinions.  *Hardrick v. City of Detroit*, 876 F.3d 238, 244 (6th Cir. 2017).

16

Here, however, the entirety of Plaintiff's "Informal Opening Brief" is focused on arguments related to the District Court's finding that the First Amended Complaint failed to state a plausible claim for relief, despite the fact that the District Court also put Plaintiff on notice that the Court Defendants' *sui juris* defense is "valid."   Plaintiff was required to challenge that portion of the District Court's decision in their opening brief. *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018), citing *Golden v. Comm'r*, 548 F.3d 487, 493 (6th Cir. 2008).  But Plaintiff failed to do so.  As such, Plaintiff has abandoned any arguments he may have had to contend that the Court Defendants may actually be suable parties.  The District Court's judgment should be affirmed for this reason.

Even if the District Court had not explicitly identified the *sui juri*s defense as a "valid" alternative ground for its judgment, still this Court should affirm dismissal.  That is because this Court may affirm a District Court decision for any reason supported by the record, even if different from those on which the district court relied.  *Rolle v. Litkovitz*, No. 21-4034, 2022 U.S. App. LEXIS 12925, at *4 (6th Cir. May 12, 2022); *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016).

In sum, the record discloses that Plaintiff has sued two Defendants who lack the capacity to be sued.  Hence, this Court should affirm their dismissal as parties to this action.

17

**C.     The District Court's Judgment should be affirmed because Plaintiff has failed to state a plausible claim for relief.**

Although the merits of the case need not be reached as to the Court Defendants, nevertheless none of the arguments Plaintiff has presented warrant reversal of the District Court's judgment.   The Court Defendants will defer to Judge Grimslid's substantive discussion on these issues.  Nevertheless, the County Defendants offer a few observations in response to Plaintiff's brief to demonstrate that the District Court's analysis was consistent with Rule 12 practice, and its finding that Plaintiff's Complaint presented no plausible claim was legally correct, and also the proper common sense result.

**1.     The District Court did not improperly resolve disputed fact questions.**

The District Court's Memorandum Opinion sets forth a factual summary which, Judge Knepp stated, was "taken from Plaintiff's Complaint and, for the purposes of the present motions, accepted as true."[37]  Then, the Court identified the applicable legal standards under the ADA and Section 504 of the Rehabilitation Act.  Considering Plaintiff's presumed-true factual allegations in conjunction with these legal standards, the Court then concluded:

> Plaintiff's allegations do not support a plausible inference
> that he was denied the right to an effective means of
> communication or meaningful access to the Municipal
> Court's services.  Although he complains his initial

---

[37] Rec. Doc. #33, Page ID #320.

18

> requests for an interpreter were "either ignored or denied" (Doc. 25 at 3), and he was treated disrespectfully by court staff prior to his June hearing, he does not allege he was unable to understand or confused about any information communicated to him (either orally, in writing, or through the described phone-based application) by court personnel due to the lack of an ASL interpreter at any time. Further, he does not dispute he was afforded the specific accommodation he requested when all substantive proceedings in his case took place.[38]

Plaintiff asks this Court to reverse because, he says, the District Court improperly resolved factual disputes. Not so. The foregoing analysis is not the resolution of a factual dispute; it is the application of law to Plaintiff's own preferred set of facts, resulting in the determination that those facts do not plausibly rise to the level of a legal violation.

Plaintiff says that *Center v. City of West Carrollton*, 227 F. Supp. 2d 863, 870 (S.D. Ohio 2002) "controls this case."[39] Of course not. A decision of the Southern District of Ohio may or may not be persuasive to another District court, but it is not binding authority. See e.g. *Wolek v. N. Ohio Surgery Ctr.,* LLC, No. 1:25-cv-00248-PAB, 2025 U.S. Dist. LEXIS 232331, at *12-13 (N.D. Ohio Nov. 26, 2025); *Lafleur v. Yardi Sys., Inc.*, 765 F. Supp. 3d 640, 652 (N.D. Ohio 2025). That aside, Plaintiff cites *Center* for the proposition that a determination of the effectiveness of alternative auxiliary aids or services is a fact question. But a fact

---

[38] Rec. Doc. #33, Page ID #325-326.
[39] U.S. Sixth Cir. Case No. 26-3108, Page ID #35.

19

question needs to be resolved only when the allegations (or evidence, if the ruling is on summary judgment) create genuine disputes about what the true facts are. Here, the facts are not in dispute because they are presumed true; only the legal consequences of them are at issue.

The controlling authority relied upon by the District Court was this Court's decision in *Tucker v. Tennessee*, 539 F.3d 526 (6th Cir. 2008) *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015)). *Tucker* recognizes this point. There, the appellate panel rejected the same type of argument, observing:

> While we certainly recognize that the accommodation provided to the Tuckers is not ideal, that alone does not make it unreasonable or a violation of the ADA under these facts. *See e.g., Jones v. City of Monroe,* 341 F.3d 474 (6th Cir. 2003) (holding that the specific request made by plaintiff was not required as long as a reasonable accommodation was made). The dissent correctly notes that the determination here is one of fact, and we do not suggest otherwise. As is always the case in the summary judgment context, the district court assumes the facts in favor of the non-moving party and determines whether a material fact exists to create a question appropriate for submission to a jury. This is different than concluding that every factual question requires a jury determination. We rest our decision on these facts.

*Tucker v. Tennessee*, supra, 539 F.3d at 539.

Plaintiff accuses the District Court of improperly "weighing" the facts at the Rule 12 stage. That is not a fair description of the Court's analysis. The District

20

Court was allowed to draw upon common sense and judicial experience to determine, within the context of this case, if a plausible claim for relief existed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  That is what the Court did here.  The District Corut recognized that the issue here is not about the effectiveness of an alternative communications methodology to ASL interpretation, because Plaintiff was provided that preferred method of communication at his full arraignment and hearing on June 2, 2025.  To the extent Plaintiff is challenging the effectiveness of the use of a phone application at his initial appearance on May 27, 2025, he has alleged facts negating that claim –namely, his allegations and written admissions which indicate he was aware that the full arraignment and hearing date was being continued until June 2, 2025.  Plaintiff admits he was able to refer to the rescheduled hearing in multiple writings he presented between May 27 and June 2, and was able to actually appear at the rescheduled hearing.  Given the allegations of Plaintiff's Complaint, supported by the documents he chose to submit as exhibits which may be considered at the Rule 12 stage,[40] the District Court made a legal determination that the claims for relief were not plausible.

Plaintiff would also have the Court compare this case to *Updike v. Multnomah County,* 870 F. 3d 939 (9th Cir. 2017) (which he appears to have

---

[40] See *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) which allows for consideration of such materials at the Rule 12 stage.

21

improperly cited).  Plaintiff claims that the *Updike* Court found there to be disputed questions of fact related to the effectiveness of alternative communications methods.  Plaintiff has failed to inform the Court of the most important aspect of the case.  In *Updike*, the Court upheld summary judgment issued in favor of the state of Oregon in which the allegations, like those here, involved a failure to provide an ASL translator at an initial court appearance.  The Ninth Circuit said:

> We conclude that the district court correctly granted summary judgment for the State on this issue. This case reflects an absence of effective communication and coordination between the County's pretrial services and employees at OJD about the need for an interpreter at Updike's arraignment. While it is regrettable that it appears that Updike spent an extra night in jail that he likely would not have had to spend had he been provided an ASL interpreter the first time he appeared before Judge Dailey, there is no evidence that the State deliberately failed to order an interpreter at the January 15, 2013 arraignment. Instead, the evidence shows "bureaucratic slippage that constitutes negligence rather than deliberate action or inaction." *Id.*

*Updike,* supra, 870 F.3d at 952.  Here too, an ASL was not present the very first time Plaintiff appeared before Judge Grimslid, but the Judge had not seen the citation nor been informed of the need for an interpreter in advance.  Here too, there may have been a lack of coordination between the court staff and the Judge, but the lack of coordination is understandable because, as explained by the Judge at the May 27, 2025 hearing, court staff recognized that many people who have

22

been issued minor traffic citations exercise their right to pay the fine online and not appear at all.

Plaintiff refers to a different part of the *Updike* decision in which the Ninth Circuit reversed summary judgment issued in favor Multnomah County on distinct claims related to allegations that that the County did not provide the plaintiff with an ASL interpreter and other auxiliary aids to effectively communicate while he was in pretrial detainment and under pretrial supervision.  This case, however, does not involve allegations about the effectiveness of communications occurring between jailers and a pretrial detainee while he was in detention and under custodial supervision.

### 2. The "primary consideration" regulation did not mandate an ASL Interpreter on May 27, 2025.

Plaintiff argues that a "per se" violation of the ADA occurred on May 27, 2026 because, he claims, Defendants failed to apply the so-called "primary consideration" mandate.  Plaintiff is referring to 28 CFR §C35.160(b) which creates no categorical "mandate" and instead actually provides:

> (1) A public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.
>
> (2) The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance

23

with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

The Court Defendants highlight two primary flaws in Plaintiff's argument.

### a.   The facts alleged do not show exclusion or discrimination in the Court's services.

First, the *prima facie* elements of a claim made under Title II of the ADA include the requirement that Plaintiff be excluded from participation in, be denied the benefits of, or be subjected to discrimination under the program solely because of his disability. *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Plaintiff's Complaint and the exhibits he has submitted acknowledge that he was indeed, provided an ASL interpreter at his arraignment and hearing which took place on June 2, 2025. Moreover, his conversations with Court personnel by telephone occurring on May 19 and May 21, 2025 took place using his preferred communications method of a Video Relay Service.

The only event at which his preferred method of communications was not used was at the May 27, 2025 hearing. But nothing happened except that the arraignment/hearing date was reset. Thus, it was entirely appropriate for Judge

24

Knepp to conclude that the "Complaint does not allege any facts suggesting the circumstances were insufficient for him to understand court procedures and communicate effectively with court personnel regarding substantive issues."[41] Said differently, the Hardin County Court exists to provide a judicial forum for the resolution of legal disputes. Plaintiff was not denied the meaningful opportunity participate in any court proceeding which resolved a legal dispute. Plaintiff is complaining about minimal collateral communications that had only the effect of rescheduling his hearing date.

In *Bahl v. Cty. of Ramsey*, 695 F.3d 778, 787 (8th Cir. 2012), a deaf arrestee complained about not being provided an ASL interpreter at three points in time – the initial arrest, the statement of charges, and a post-arrest interview at which his *Miranda* warnings were provided and other information relevant to his prosecution was discussed. The Eight Circuit upheld summary judgment as to the first two events, recognizing that when the essence of the communication is not complex and the deaf individual acknowledges understanding, it can be determined as a matter of law that an individual is not denied meaningful access to services. It reversed summary judgment as to the third event, since engaging in a post-arrest custodial interview would have had the benefit of allowing the arrestee to tell his story and arguably have affected the charging decision.

---

[41] Rec. Doc. #33, Page ID #326

In this case, the communications on May 27, 2025 had no substantive impact. They were not even as significant as the statement of charges about which the Eight Circuit concluded: "[N]o reasonable jury could conclude that the written charge statement did not provide Bahl with meaningful access to the service of being notified of the reason for his arrest." *Bahl,* supra, 695 F.3d at 787. So too, no reasonable person could conclude that Plaintiff was not provided reasonable access to the service of being notified that his hearing was being reset to another date at which an ASL interpreter would be present.

Plaintiff argues that he was denied the benefit of having his hearing take place on May 27, 2025 and was required to wait until June 2, 2025 to have his case resolved. He equates delay to exclusion from the benefits of the Court's services and to discrimination. Yet, in *Updike,* supra, where the State failed to arrange for an ASL interpreter before the plaintiff's first criminal court appearance, the Ninth Circuit found that a delay resulting in the necessity of an individual spending another night in jail did not amount to a legal violation. In this case, Plaintiff suffered no comparable deprivation. Moreover, this Court has recognized that a delay in providing an accommodation generally will not support a claim when it is of modest length and not the result of intentional obstruction or bad faith. *Finley v. Huss,* 104 F. 4TH 789, 822 (6th Cir. 2024).

26

  **b.**  **The facts alleged do not show a failure of effective communication.**

Second, Plaintiff's contention that the regulation creates a categorical "mandate" is wrong.

There is no unqualified requirement that, in every interaction a deaf person may have with a public entity no matter how trivial or inconsequential, the individual is entitled to demand use of an ASL interpreter. *Bahl,* supra, and *Turner,* supra, illustration otherwise. "A disabled participant in a government program . . . does not have an unqualified right to dictate how the agency will accommodate his needs." *Trivette v. Tenn. Dep't of Corr.*, No. 3:20-cv-00276, 2021 U.S. Dist. LEXIS 264238, at *31 (M.D. Tenn. May 5, 2021). In other words, the law and regulations do not require that a public entity meet the "exact requests" of a disabled person. *Shaffer v. City of Columbus*, 444 F. Supp. 3d 872, 881 (S.D. Ohio 2020).

Rather, as this Court recognized in *Tucker,* supra, the reasonable accommodation requirement of the ADA "is an alternative which allows disabled persons to communicate as effectively as a non-disabled person." *Tucker*, 539 F.3d at 539, 541 (citing 28 C.F.R. § 35.160). Here, the use of a phone application and handwritten notes during Plaintiff's brief appearance at the Hardin County Court were obviously sufficient to enable Plaintiff to understand that his hearing date was being reset. The Complaint and related exhibits made this

incontrovertible, so the District Court was well within its authority to determine no plausible legal violation took place.

### 3.    The District Court properly found the absence of a concrete injury.

Plaintiff takes issue with the District Court's conclusion that his Complaint failed to allege facts showing the existence of a concrete injury. The District Court's legal conclusion on this point rested upon this Court's decision in *Tucker,* supra, and the Southern District of Ohio decision in *Shaffer v. City of Columbus*, 444 F. Supp. 3d 872, 883 (S.D. Ohio 2020).

In *Shaffer,* the deaf plaintiff complained about not receiving a specific form of accommodation but failed to allege any concrete injury because she was able to communicate effectively during a period of incarceration through use of notes. While not ideal, that District Court found that since effective communication took place, and since the provision of an interpreter would not have made a material difference, no violation of the ADA occurred. That holding was consistent with *Tucker,* supra, where the Court found that officers were able to communicate effectively with the plaintiffs through pen and paper and that there was no evidence that an interpreter would have changed the events in any way.

In this case, Plaintiff failed to allege in the Complaint that the outcome of his minor misdemeanor criminal proceedings would have somehow been different in a tangible way had he been provided an ASL interpreter at the May 27, 2025 hearing

28

which reset the hearing date.  Indeed, the fact that Plaintiff pled no contest and paid a $45 fine even with his ASL interpreter present indicates that he was never truly intending to dispute or challenge the citation at all.  It appears Plaintiff simply wished to demand an interpreter.  The merits of the legal citation were simply the irrelevant mechanism he used to make the demand.

Plaintiff repeatedly cites *Hill v. Bradley County Board of Education*, for the proposition that later compliance with an accommodation request does not moot a compensatory damages claim.   But once again, Plaintiff has incorrectly cited the case, and it does not discuss the issues for which he claims it stands.  Arguments premised on *Hill*, therefore, need not deter the Court from affirming the District Court's judgment.

## CONCLUSION

For the reasons set forth above, and for the reasons set forth in the brief submitted by Co-Defendant Judge Grimslid, the District Court's judgment should be affirmed.

Respectfully submitted,

*/s/ Teresa L. Grigsby*
Teresa L. Grigsby (0030401)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599

29

tgrigsby@snlaw.com
jmchugh@snlaw.com

*Counsel for Defendants-Appellees*
*Hardin County Municipal Court and*
*Clerk Emily Kissling*

30

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

### Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[X]    this brief contains 9,355 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ]    this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]    this brief has been prepared in a proportionally spaced typeface using Word 2010 in Times New Roman in 14 point font, or

[ ]    this brief has been prepared in a monospaced typeface using _____ with _____.

Date:  June 10, 2026

/s/Teresa L. Grigsby_____
Teresa L. Grigsby
*Counsel for Defendants/Appellees*
*Hardin County Municipal Court and Clerk*
*Emily Kissling*
tgrigsby@snlaw.com
Telephone:  419-241-2201

31

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 10th day of June, 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing was served this 10th day of June, 2026, via ordinary U.S. mail, upon:

Andrew Lee Eugene Knox
P.O. Box 344
Russells Point,  OH 43348

*Plaintiff-Appellant*

/s/ Teresa L. Grigsby
Teresa L. Grigsby (0030401)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599
tgrigsby@snlaw.com
jmchugh@snlaw.com

*Counsel for Defendants-Appellees*
*Hardin County Municipal Court and*
*Clerk Emily Kissling*

803891

32

## DESIGNATION OF DISTRICT COURT RECORD

Defendants-Appellees Hardin Municipal Court and Clerk Emily Kissling, pursuant to Sixth Circuit Local Rule 30(g), designate the following filings from the District Court's electronic records:

**Andrew Lee Eugene Knox v. Hardin County Municipal Court, et al.**
**Case No. 3:25-cv-01174-JRK**

| R. No. | Description of Document | Page ID |
|---|---|---|
| 1 | Complaint | 1-21 |
| 5 | Notice of Voluntary Dismissal of Defendant Andrew Tudor | 41-43 |
| 9 | Notice of Filing Exhibits E through Q in Support of Complaint | 49-99 |
| 9-3 | May 21, 2025 Formal Complaint of ADA and Civil Rights Violation | 59-67 |
| 9-4 | May 30, 2025 Ohio Supreme Court letter to Judge Grimslid | 68-69 |
| 9-6 | Informal court transcript from May 27, 2025 hearing | 71-72 |
| 9-7 | May 27, 2025 Letter from Plaintiff to Judge Grimslid | 73-75 |
| 9-11 | June 10, 2025 Hardin County Municipal Court Response Letter to Supreme Court of Ohio | 86-90 |
| 9-12 | May 19, 2025 Court Phone Call Audio Transcripts | 91 |
| 15 | First Amended Complaint | 114-131 |
| 24 | Defendant-Appellee Judge Grimslid's Motion to Dismiss and Memorandum in Support | 180-208 |
| 24-3 | Hardin County Municipal Judgment Entry of June 2, 2025 | 208 |

| R. No. | Description of Document | Page ID |
|---|---|---|
| 25 | Plaintiff-Appellant's Opposition to Motion to Dismiss | 209-237 |
| 27 | Defendants-Appellees Hardin County Municipal Court and Emily Kissling's Motion to Dismiss and Supporting Memorandum | 252-256 |
| 28 | Plaintiff's Motion for Leave to File Second Amended Complaint | 257-277 |
| 29 | Plaintiff's Opposition to Clerk Emily Kissling's and Hardin County Municipal Court's Motion to Dismiss | 278-290 |
| 30 | Defendant-Appellee Judge Grimslid's Reply in Support of Motion to Dismiss | 291-303 |
| 32 | Defendants-Appellees Hardin County Municipal Court and Emily Kissling's Reply in Support of Motion to Dismiss | 312-318 |
| 33 | Memorandum Opinion and Order Granting both (Rec. Doc. #24 and #27) Motions to Dismiss, fn.5 | 319-328 |
| | | |
| | **U.S. Sixth Circuit Case No. 26-3108** | |
| 9 | Plaintiff-Appellant's Brief on Appeal | 25, 35 |

803891

34

## APPENDIX OF PROBLEMATIC CITATIONS

Examples of problematic citations in Plaintiff's brief include:

- Table of Authorities page 6; Rec. Doc. #9, Page ID #8:  Plaintiff includes citation to *Shaffer v. City of Columbus,* 444 F. Supp. 3d 872 (S.D. Ohio 2020) and references five pages of the brief at which it is supposedly discussed.  But the cited pages do not include reference to Shaffer, a case which manifestly helps the defense and was relied upon by the District Court.

- Brief page 10; Rec. Doc. 9, Page ID# 12:  Using a questionable Westlaw citation, Plaintiff cites *Hill v. Bradley County Board of Education,* 295 Fed. Appx. 740 (6th Cir. 2008 for the holding that provision of an accommodation later does not moot a compensable damages claim.  The case includes no such language or holding.

- Brief page 11, Rec. Doc. 9, Page ID #13.  Plaintiff cites *S.S. v. Eastern Kentucky University, with* a potentially inaccurate Westlaw citation for the proposition that the Court's policy of requiring an in-person appearance to request an interpreter is a method of administration which defeats the ADA objectives.  But  *S.S. v. Eastern Kentucky University* contains no discussion of "methods of administration" which defeat the purposes of the ADA.

- Brief p. 11, Rec. Doc. 9, Page ID # 13.  Plaintiff cites *Duvall v. County of Kitsap,* 260 F. 3d 1124 (9th Cir. 2001) to support a finding that a failure to change a policy may constitute deliberate indifference.  The *Duvall* decision discusses deliberate indifference, but it does not include language addressing a failure to change policy as constituting deliberate indifference.

- Brief p. 19, Rec. Doc 9, Page ID #21.  Plaintiff again cites *S.S. v. Eastern Kentucky University, with* a potentially inaccurate Westlaw citation for the proposition that a requirement to appear in person to request an interpreter is a criteria or method of administration which defeats the ADA objectives.   There is no discussion of this sort in the decision.

- Brief p. 23, Rec. Doc., 9, Page ID # 25.  Plaintiff *Hill v. Bradley County Board of Educ.* using the potentially inaccurate citation of 2008 WL

35

4129951 for the proposition that later compliance does not moot a compensable damages claim. There is no such discussion in the reported case.

- Brief p. 24, Rec. Doc. 9, Page ID # 26. Plaintiff cites *Castro v United States*, 540 U.S. 375, 381 (2003) for the proposition that his brief must be liberally construed. The Castro case involved recharacterization of habeas petitions filed by pro se parties, not appellate briefs.

- Brief p. 27, Rec. Doc. #9, Page ID #27. Plaintiff cites *Bahl v. County of Ramsey,* 695 F. 3d 778, 785 (8th Cir. 2012) for the proposition that providing a phone app without considering the plaintiff's choice or explaining why it was rejected violates 28 CFR §35.160(b)(2). But while Bahl discusses situations in which a deaf person's requests to, and do not, constitute a failure to accommodate, and whether there can be vicarious liability stemming for failure to train on a policy related to providing such accommodations, it does not state that a governmental actor must explain why it rejected a proposed accommodation. Elsewhere, at p. 35 of the Brief (Rec. Doc. #37) Plaintiff cites *Bahl* for the proposition that "effectiveness of communication is inherently subjective." In fact, the page of the opinion cited actually states that the reasonable modification inquiry is highly fact-specific and varies depending on the circumstances of each case, including the exigent circumstances presented by criminal activity and safety concerns.

- Brief p. 29, Rec. Doc. #9, Page ID # 31: Another inaccurate citation to *S.S. v. Eastern Kentucky University,* for the proposition that a requirement to appear in person to request an interpreter is a criteria or method of administration which defeats the ADA objectives.

- Brief p. 48, Rec. Doc. #9, Page ID # 50. Plaintiff quotes *Bahl v. County of Ramsey,* 695 F. 3d 778, 785 (8th Cir. 2012). But the quoted language does not appear in the case.

- Brief p. 51, Rec. Doc. 9 Page ID #53. Plaintiff again cites *Hill v. Bradley County Board of Educ.* stating that it "directly addresses mootness in Title II of the ADA cases." It contains no such discussion.

36

- Brief p. 59, Rec. Doc 9, Page ID # 61.   Plaintiff presentations quotations from *S.S. v. Eastern Kentucky University* which do not appear in the decision.